IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PAUL WIDICK,**
**CAROLE WIDICK,**

    **Plaintiffs,**

v.                                                                                         Case No. **6:17-cv-00592**

**THE UNITED STATES OF AMERICA,**

    **Defendant.**

**COMPLAINT FOR PERSONAL INJURIES**
**PURSUANT TO THE FEDERAL TORT CLAIMS ACT**

    Plaintiffs Paul Widick and Carole Widick (referred to hereafter as "the Widicks"), by and through their counsel of record Garcia Ives Nowara (Matthew L. Garcia), hereby submit this Complaint for damages pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et. seq. As grounds for this pleading, the Widicks state as follows.

**PARTIES AND JURISDICTION**

    1.    Jurisdiction and venue are proper pursuant in this Court. 28 U.S.C. § 1346(b) provides this Court with exclusive jurisdiction over matters arising under the FTCA.

    2.    The injuries complained of occurred in the state of New Mexico.

    3.    Plaintiff The Honorable (Ret.) Paul Widick is a retired judge who makes his home in Santa Fe, New Mexico. Plaintiff Carole Widick also resides in Santa Fe New Mexico.

    4.    The Widicks are now, and were at all time material to this Complaint, a married couple.

5. Amanda Cambridge was the cause of the injuries complained of in this matter. At all times material to this Complaint Ms. Cambridge was acting within the scope of her employment as a Bureau of Indian Affairs ("BIA") officer.

6. Because the BIA is an arm of the federal government, and given Ms. Cambridge was acting in the scope of her employment at the time of the actions complained of, the United States of America is the proper Defendant in this case. 28 U.S.C. § 2679.

7. The United States of America is liable for Ms. Cambridge's negligent acts and omissions pursuant to 28 U.S.C. § 2674 and pertinent common law.

8. Less than two years after the events complained of, the Widicks each presented an administrative claim to the United States of America through the United States Department of the Interior ("USDOI"). See 28 U.S.C. § 2675.

9. The USDOI denied the Widicks' claims, without explanation, on May 12, 2017. Thus, this Complaint is timely filed as required by 28 U.S.C. § 2675(a).

## FACTUAL BACKGROUND

10. On December 3, 2015, Mr. Widick was operating the Widicks' vehicle on northbound Interstate 25.

11. Carole Widick was in the passenger seat of the vehicle.

12. As the Widicks approached mile marker 236, traffic on the interstate slowed and eventually came to a stop. There had been an automobile accident that had occurred earlier in the day, which was the cause of the backup.

13. Mr. Widick slowed his vehicle accordingly and ultimately came to a complete stop.

14. As the Widicks were waiting for traffic to move again, Ms. Cambridge crashed her vehicle into the Widicks' car.

15. Ms. Cambridge did not make a timely effort to slow her vehicle prior to impact. Data downloaded from Ms. Cambridge's automobile computer showed that she was traveling at 77 m.p.h. three seconds prior to the collision.

16. Deputies from the Sandoval County Sheriff's Office arrived on scene shortly after the accident along with emergency medical staff.

17. Both Mr. and Ms. Widick were transferred to University of New Mexico Hospital ("UNMH") for treatment.

18. Ms. Widick suffered injuries to her head and legs. She required emergency medical treatment immediately following the accident.

19. Mr. Widick's injuries were extremely severe. He was immediately taken into UNMH's intensive care unit following the accident. UNMH medical staff determined that Mr. Widick had suffered numerous fractured ribs, a fractured transverse process, and an aortic dissection.

20. Mr. Widick required extensive care for months following the accident, and incurred significant medical bills.

21. Following the accident, the investigating officer determined that Ms. Cambridge was the sole cause of the accident. He wrote, "[b]ased on my investigation, the evidence found at the scene and statements from the drivers, [Ms.] Cambridge was not paying attention to her driving and crashed behind [the Widicks' vehicle.]" The investigating office also noted that Ms. Cambridge "had plenty of time to see that the traffic was stopped" but that she failed to do so.

The matter was referred to law enforcement authorities in order to assess whether criminal charges should be brought against Ms. Cambridge.

## CLAIMS FOR RELIEF

### Claim for Relief No. 1 – Negligence

22. The preceding paragraphs are incorporated as if fully stated herein.

23. Ms. Cambridge has a duty to act with reasonable care when operating a motor vehicle.

24. Ms. Cambridge breached her duty of care by negligently and carelessly operating a motor vehicle.

25. Ms. Cambridge's breach was the direct and proximate cause of the Widicks' injuries.

26. The Widicks suffered damages as a result of Ms. Cambridge's negligent operation of a vehicle.

27. Defendant United States of America is liable for tortious conduct in the same manner and to the same extent as private individual under like circumstances.

28. Defendant United States of America is liable for Ms. Cambridge's acts and omissions.

### Claim for Relief No. 2 – Negligence Per Se

29. The preceding paragraphs are incorporated as if fully stated herein.

30. NMSA 1978, 66-7-3 (1978) requires all persons to obey New Mexico's traffic laws. Among these legal edicts are statutes and ordinances that mandate all persons on public roadways to, inter alia:

>    a) give [their] full time and attention to the operation of the vehicle, NMSA 1978, § 66-8-114A (1978); and to

      b)  avoid operating a vehicle in a careless, inattentive, or imprudent manner without due regard for … traffic, weather, and road conditions and all other attendant circumstances. NMSA 1978, § 66-8-114B (1978).

31.    Ms. Cambridge violated these statutes.

32.    The Widicks are within the class of persons sought to be protected by New Mexico's traffic laws.

33.    The harm and injuries the Widicks suffered are generally of the type the Legislature sought to prevent in enacting New Mexico's traffic laws.

34.    As a direct and proximate result of Ms. Cambridge's negligence per se, the Widicks suffered serious injuries and damages.

35.    Defendant United States of America is liable for tortious conduct in the same manner and to the same extent as private individual under like circumstances.

36.    Defendant United States of America is liable for Ms. Cambridge's acts and omissions.

## RELIEF REQUESTED

Based on the allegations and claims for relief presented above, the Widicks respectfully request that the Court enter judgment as follows:

1. Compensatory damages, including, but not limited to, damages for past and future medical expenses;

2. Damages for the nature, extent, and duration of their injuries;

3. Damages for pain and suffering, and diminishment of enjoyment of life;

4. Damages for loss of household services; and

5. For any other relief the Court deems just.

Respectfully submitted,

_____
Matthew L. Garcia
Garcia Ives Nowara
924 Second Street NW, Suite A
Albuquerque, NM 87102
Phone: (505) 899-1030
Email: matt@ginlawfirm.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 30, 2017, I filed the foregoing through the New Mexico Electronic Filing system, which caused all counsel of record to be served by electronic means.

                Respectfully submitted,

                _____
                Matthew L. Garcia